30 C.C.P.A.(Patents)

## In re HELTZEL.

### Patent Appeal No. 4759.

Court of Customs and Patent Appeals.
July 6, 1943.

114

Eugene E. Stevens, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

After allowing many claims in appellant's application in the United States Patent Office for a patent relating to an improvement in expansion joints in concrete construction, the Primary Examiner rejected claim 121, which, with the exception of what appellant alleges to be immaterial modifications which he inserted, defines the same invention as that of claim 17 of a patent to one Westcott, No. 2,181,005. This claim was proposed for the purpose of interference with the Westcott patent.

The claim reads: "121. A load transfer device for bridging a gap between the adjacent end faces of two substantially horizontally aligned concrete slabs, comprising a relatively rigid major member consisting of a unitary casting having its integrated parts adapted to be imbedded in one of the two slabs, said member comprising a cup-like sleeve portion opening at the end face of the slab in which that member is imbedded and adapted to have the axis of its bore horizontal and at right angles to said slab end and substantially within the neutral plane of the slab, anchors extending outwardly from the wall of the cup-like sleeve portion of said member and adapted to enter into the body of the slab within which it is adapted to be imbedded, a dowel-like bridging member adapted to seat within and slidably engage the bore of the cup-like sleeve portion of said major member and adapted to project beyond the end face of its respective slab and to bridge the gap intervening between the adjacent end faces of the adjoining slabs' and enter and engage the opposite or opposed slab."

The ground of rejection on the part of the examiner was that the claim did not read upon appellant's disclosure.

Upon appeal to the Board of Appeals, the decision of the examiner was affirmed, and appellant has appealed to this court.

Appellant states that the structure of his device, as is shown in his application in Figs. 10 and 11, is the only disclosure involved in determining whether or not the appealed claim is supported by his application. It will be noted that the claim contains the phrase "comprising a relatively rigid major member consisting of a unitary casting having its integrated parts adapted to be imbedded in one of the two slabs." Both tribunals below concurred in holding that appellant's disclosure does not support this limitation of the claim.

We quote the following from the statement of the examiner:

"Applicant's contention is that the changes in the claim are non-essential, that his claim 121 and claim 17 of the patent are not patentably distinct and both read on his Figs. 10, 11 and 20.

"Claim 121 has been rejected as without basis in applicant's disclosure. The claim specifies a 'unitary casting'. Applicant does not have a unitary casting. It will be noted that the Westcott device is a casting.

"Claim 121 also omits several limitations which are considered to be material limitations. Claim 17 of the patent recites 'integral anchors extending outwardly from the outer wall of the cup-like sleeve.' Applicant omits the words integral and outer. Obviously the Westcott device is a unitary and integral casting. The socket and anchoring arms are all integral and the arms extend from the outer end wall of the socket.

"In further support the contention that the integral casting is of material importance is that Westcott presented these limitations because of an adverse decision in interference proceedings in which the broader aspects of the invention were awarded to the opposing *parts*. [sic] Westcott pointed out patentable advantages of the integral unitary casting and claims of such scope were considered to be allowable over the issues of the interference. Westcott would not have been allowed claims of the scope of claim 121 and consequently there is no conflicting issue apparent. Obviously applicant cannot make claim 17 of Westcott not only because of the unitary integral casting but because his anchoring arms do not extend from the outer end walls of the socket and are not integral therewith."

The board, upon appeal, affirmed the position of the examiner in holding that Westcott disclosed a unitary casting but that appellant does not. It took no cognizance of the examiner's discussion as to the other limitations of the claim.

■ Appellant seems to argue in this court that the modifications made in the Westcott claim are immaterial and that Westcott discloses nothing that is inventive over the disclosure of appellant. If this is to be construed as an argument that the claim is not required to read literally upon appellant's disclosure, we are in disagreement with such contention. Nor can we agree with appellant that he should have the right to make the claim for the purpose of interference merely because the difference between his structure and that of Westcott does not amount to an inventive one. Interferences in the Patent Office are declared upon common interfering subject matter, and it is too well settled to require citation of authority that if a claim does not read upon the structure of a party seeking an interference, he is not entitled to make that claim. Provision is made under the Patent Office Rules for reforming counts which can be made by all parties to an interference, so as to form an issue upon common patentable subject matter.

It is true that appellant, in his brief in this court, states that he shows a unitary structure. He maintains that a structure is unitary if the various parts are "bolted together, welded, clamped, screwed, tied, or attached in a great variety of ways." It certainly would not be a unitary structure if it were bolted, clamped, screwed, or tied together, and the term certainly does not mean that in the Westcott disclosure because, as was pointed out by the tribunals below, Westcott discloses a unitary casting. The element with the cup-like sleeves and anchors is all one casting. There is not the slightest indication in appellant's disclosure that his comparable inter-locking means comprises a unitary casting. On the contrary, there is nothing about portions of his structure, such as the sleeve which is imbedded in one of the two slabs of concrete, being made by the casting process at all, or that it is made at the same time or as a part of the other portions thereof.

Appellant here argues as follows: "With reference to appellant's bent strip 44, it is not apparent that his specification contains anything which excludes the possibility of its being cast. It can hardly be denied that a metal strip may be cast in bent, twisted, curved, or almost any desired form. Appellant surely is entitled to form his strip 44 by casting or any other way he chooses. An applicant for patent is not required to illustrate his structure in every conceivable way in which it may be made according to known practice. So long as appellant presents nothing definitely *excluding* the possibility of a casting he is entitled to claim his structure as a casting in any case, such as here, having as an objective a contest to determine priority of invention between the respective inventors of structures that do not differ patentably from one another." [Italics quoted]

■■ An applicant under circumstances like those at bar must do something more than use language which does not "exclude." He must *disclose*. To merely use language or drawings which do not exclude some feature would not comply with the patent laws. See Brand v. Thomas, 96 F.2d 301, 25 C.C.P.A. 1053. For interference purposes, all limitations must be regarded as material. Field v. Stow, 49 F.2d 1072, 18 C.C.P.A., Patents, 1502. And if a count does not read upon a disclosure,

no interference exists. The same rule applies in an ex parte consideration like that at bar.

It is our view that the tribunals of the Patent Office arrived at the right conclusion and that they properly held that the involved claim is not supported by appellant's disclosure. The decision of the Board of Appeals, affirming that of the examiner, is accordingly affirmed.

Affirmed.

LENROOT, Associate Judge, took no part in the consideration or decision of this case.